IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| U.S. Equal Employment Opportunity Commission, | ) ) ) | C/A No.: 0:16-3029-JMC-SVH |
|---|---|---|
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

This is an employment discrimination case brought by the United States Equal Employment Opportunity Commission ("EEOC") against T-N-T of York County, Inc., and TM Trucking of the Carolinas, LLC ("Defendants"). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.). This matter comes before the court on the EEOC's motion for a protective order. [ECF No. 56]. The motion having been fully briefed [ECF Nos. 59, 64, 66, 67], it is ripe for disposition.

On August 28, 2017, Defendants served a "Notice of Deposition of Designated Corporate Representative Duces Tecum of Plaintiff Pursuant to Rule 30(b)(6), 30(b)(2) and Rule 34, Federal Rules of Civil Procedure" (hereinafter referred to as "Defendants' Notice"), On September 6, 2017, the Court conducted a telephonic conference to address EEOC's objections to Defendants' Notice. During the hearing, the undersigned denied Defendants requests under items 1–3 and 6(a) of Defendants' Notice. Tr. 14:9–15:4; 24:20–22; 33:12–34:2; 37:5–7. In response to items 4, 5, and 6b of Defendants' Notice,

1

the court allowed Defendants to inquire into facts obtained from the investigator pre-litigation, but specifically denied questioning on items covered by the deliberative process privilege. Tr. at 27:17–29:18; 31:15–23; 32:20–33:6; 37:8–24.

The EEOC's motion requests a protective order sustaining its objections during the September 13, 2017 deposition of Christine Smith that were based on the governmental deliberative process privilege or the attorney client privilege or were outside the scope of inquiry allowed by the undersigned in the September 6, 2017, hearing. [ECF No. 56 at 1].

Defendants argue the EEOC should be compelled to provide a 30(b)(6) witness as to topics 4, 5, and 6 of Defendants' Notice. However, when the undersigned noted that the facts known to the investigator pre-litigation were discoverable, but were not the basis for a 30(b)(6) deposition, Defendants' counsel conceded that the investigator may be the only person who could answer such questions. Tr. at 27:17–28:10. Additionally, the undersigned specifically denied questioning on items subject to the deliberative process privilege.

After reviewing all of the briefing, the undersigned finds that there is no need for a hearing on this issue. The undersigned grants the EEOC's motion for a protective order [ECF No. 56].

IT IS SO ORDERED.

*Shiva V. Hodges*

November 1, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge